UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ALFRED DISESSA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| THE COMMONWEALTH OF MASSACHUSETTS (MASSACHUSETTS CORRECTIONAL INSTITUTION AT SHIRLEY); | ) |
| | ) |
| LIEUTENANT ALVIN LAROCHE (in his professional capacity and his personal capacity); | ) |
| | ) |
| OFFICER TIMOTHY O'TOOLE (in his professional capacity and his personal capacity); | ) |
| | ) |
| OFFICER CHRISTOPHER DEVENEAU (in his professional capacity and his personal capacity); | ) |
| | ) |
| OFFICER MICHAEL THOMAS (in his professional capacity and his personal capacity); | ) |
| | ) |
| KELLY RYAN, SUPERINTENDENT OF MCI-SHIRLEY (in her professional and her personal capacity); | ) |
| | ) |
| CAROL HIGGINS O'BRIEN, COMMISSIONER OF THE MASSACHUSETTS DEPARTMENT OF CORRECTION (in her professional and her personal capacity) | ) |
| | ) |
| CERTAIN JOHN AND JANE DOES - Employees of Massachusetts Department of Corrections (in their professional and personal capacities) | ) |
| | ) |
| Defendants | ) |

**COMPLAINT**
**WITH**
**JURY TRIAL DEMANDED**

**INTRODUCTION**

The plaintiff, ALFRED DISESSA (hereinafter DISESSA) alleges that the defendants jointly and severely caused him physical injury and emotional injury when he was physically assaulted at the Massachusetts Correctional Institution at Shirley, Massachusetts, and in the events that followed. DISESSA alleges that on July 2, 2015, he was subjected to excessive force by correctional officers, causing him physical and emotional injury. His injuries were then exacerbated by his placement on unnecessary suicide watch and into segregation, and by his subsequent malicious and unjustified prosecution for assault and battery on the officers who had beat him.

The Defendants' actions (a) violated the State Civil Rights Act; (b) violated the Federal Civil Rights laws; (c) amount to an assault and battery; (d) amount to intentional infliction of emotional distress; (e) amount to wrongful imprisonment; and (f) amount to wrongful prosecution.

**PARTIES**

1. The plaintiff, ALFRED DISESSA is a natural person currently residing at the Massachusetts Correctional Institutional at 1 Harvard Rd, Shirley, MA.

2. Defendant MASSACHUSETTS CORRECTIONAL INSTITUTION AT SHIRLEY (hereinafter MCI Shirley) is a public body corporate and politic established, organized, and authorized under and pursuant to the laws of Massachusetts, with the authority to sue and be sued, and was at all times relevant herein, operating within the course and scope of its authority and under color of state law;

3. Defendant LIEUTENANT ALVIN LAROCHE is a natural person who at all relevant times was employed by the Commonwealth of Massachusetts as a corrections officer. He is named in this complaint in his personal and his professional capacity;

4. Defendant OFFICER TIMOTHY O'TOOLE is a natural person who at all relevant times was employed by the Commonwealth of Massachusetts as a corrections officer. He is named in this complaint in his personal and his professional capacity;

5. Defendant OFFICER CHRISTOPHER DEVENEAU is a natural person who at all relevant times was employed by the Commonwealth of Massachusetts as a corrections officer. He is named in this complaint in his personal and his professional capacity;

6. Defendant OFFICER MICHAEL THOMAS is a natural person who at all relevant times was employed by the Commonwealth of Massachusetts as a corrections officer. He is named in this complaint in his personal and his professional capacity;

7. Defendant KELLY RYAN is the Superintendent of MCI-Shirley. According to M.G.L. c. 125, § 14 and 103 DOC 101.01, the Superintendent of a prison is responsible for the custody and control of all prisoners and for the overall functioning of the institution. Defendant Ryan maintains an office at MCI-Shirley, 1 Harvard Rd, Shirley, Massachusetts 01464. She is named in this complaint in her personal and professional capacity.

8. Defendant CAROL HIGGINS O'BRIEN is the Commissioner of the Department of Corrections. Defendant Higgins O'Brien's responsibilities include the establishment and enforcement of standards relating to the care, custody, and safety of all persons confined in state correctional facilities.  See M.G.L. c. 124, § 1. She is responsible for the administration of all state correctional facilities in accordance with federal and state law. Defendant Higgins O'Brien maintains an office at DOC Central Headquarters, 50 Maple Street, Suite 3, Milford, Massachusetts 01757. She is named in this complaint in her personal and her professional capacity.

**JURISDICTION, VENUE and NOTICE**

9. This action arises under the Constitution and laws of the United States, Article III, Section I of the United States Constitution and is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.  The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201;

10. This case is initiated in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which the Plaintiff resides and in which the Defendants maintain officers and/or reside;

**STATEMENT OF FACTS**

11. On July 2, 2015, DISESSA was a prisoner housed at the Massachusetts Correctional Institution at Shirley (hereinafter MCI SHIRLEY).

12. At some point during July 2, 2015, OFFICER TIMOTHY O'TOOLE (hereinafter O'TOOLE) suspected that DISESSA had improperly stored his medication in the cheeks of his mouth.

13. O'TOOLE brought DISESSA to a cell without plumbing (hereinafter "dry cell") in order to be strip-searched.

14. The cell in which the search took place was out of range of any surveillance cameras.

15. LIEUTENANT ALVIN LAROCHE (hereinafter LAROCHE) assisted O'TOOLE with the strip search of DISESSA.

16. DISESSA alleges that in the course of the strip search, O'TOOLE grabbed him by the neck and choked him, causing him physical pain and suffering, physical injury and emotional injury.

17. DISESSA further alleges that after he was stripped naked, LAROCHE twisted his testicles while saying, "see how you like this," physical pain and suffering, physical injury and emotional injury.

18. DISESSA further alleges that after he was stripped naked, LAROCHE repeatedly elbowed him in the kidney, causing physical pain and suffering, physical injury and emotional injury.

19. DISESSA alleges that OFFICER CHRISTOPHER DEVENEAU (hereinafter DEVENEAU) observed the strip search and the beating that DISESSA was subjected to but did not intervene to stop the incident and by his presence participated in the strip search and the beating.

20. DISESSA complained of his injuries to his neck to DEVENEAU, who photographed DISESSA's neck, which appeared to have redness.

21. DISESSA complained of his injuries to his testicles to DEVENEAU, however DEVENUAU refused to photograph the injury to DISESSA's testicles.

22. LAROCHE and O'TOOLE falsely accused DISESSA of an assault and battery on their persons.

23. In particular, LAROCHE and O'TOOLE accused DISESSA of pushing them out of the way after a small package fell out of DISESSA's clothing, which the correction officers presumed contained medication.

24. The correction officers also accused DISESSA of ingesting the contents of the small package.

25. After beating him, LAROCHE and O'TOOLE shackled DISESSA's hands and feet, while he was naked.

26. DISESSA overheard LAROCHE brag that he was going to "bury" DISESSA.

27. Following this incident, DISESSA was brought to the prison medical staff.

28. Despite the absence at that time of a mental health file at the prison, he was placed on a suicide watch for between four and five days, which entailed DISESSA being confined in a solitary, glass-walled cell without clothing.

29. During his time in confinement on suicide watch, his evaluations by medical staff regarding his injuries, including injury to his testicles, were able to be observed by other staff due to the transparency of his cell.

30. LAROCHE is a lieutenant with supervisory duties in the medical unit, and DISESSA alleges that he wrongfully authorized DISESSA's suicide watch.

31. Following his time under suicide watch, DISESSA was placed into segregated confinement at the prison due to LAROCHE and O'TOOLE's false accusations of his behavior during the period when they assaulted him.

32. DISESSA spent at least one year in segregation following this incident.

33. DISESSA repeatedly requested medical attention for the injuries he sustained at the hands of LAROCHE and O'TOOLE, but was not seen by a doctor until July 6, 2015.

34. On that day, DISESSA's urine screen showed the presence of blood.

35. DISESSA's urine continued to show the presence of blood for several weeks following the July 2, 2015 incident.

36. On August 12, 2015, DISESSA was brought to Lemuel Shattuck Hospital Correctional Unit, 80 Morton St., Jamaica Plain, for a CT scan of his torso.

37. DISESSA complained of lower back pain, kidney pain, and groin pain for several months following the incident.

38. DISESSA requested the DEVENEAU assist him in moving forward with criminal complaints against LAROCHE and O'TOOLE, which was part of DEVENEAU's duties. However, DEVENEAU refused to assist DISESSA in such a way.

39. DISESSA filed grievances against LAROCHE, O'TOOLE, and DEVENEAU to Superintendent KELLY RYAN (hereinafter RYAN). OFFICER MICHAEL THOMAS (hereinafter THOMAS) reviewed DISESSA's grievances and recommended that no action be taken. THOMAS' decision was accepted by RYAN.

40. On November 25, 2015, DISESSA was arraigned in the Ayer District Court on Docket No. 1548-CR-1173 for two counts of assault and battery on a corrections facility employee. LAROCHE and O'TOOLE were named as the alleged victims.

41. On April 11, 2017, after a jury trial, DISESSA was not guilty on both counts of assault and battery on corrections facility employees, O'TOOLE and LAROCHE.

42. All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or in reckless disregard for DISESSA's federally

protected rights, and were done pursuant to the preexisting and on-going deliberately indifferent official custom, practice, decision, policy, training and supervision of the governmental Defendants, the Massachusetts Correctional Institution at Shirley, and the Commonwealth of Massachusetts;

43. With deliberate indifference to the rights of citizens to be free from excessive force by the corrections officers, the Defendant – the Massachusetts Correctional Institution at Shirley - has ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of brutality at the hands of correctional officers by (a) failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force; (b) by failing to punish unconstitutional uses of force; (c) by tolerating the use of unconstitutional force; (d) by ongoingly failing to properly and neutrally investigate prisoner complaints of excessive force; and (e) by tolerating, encouraging and permitting collusive statements by involved officers in such situations;

44. It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the defendant, – the Massachusetts Correctional Institution at Shirley, to permit corrections officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the prisoner population;

45. As a direct and proximate result of the wrongful conduct of each of the Defendants individually and in concert, DISESSA has been substantially injured. These injuries include, but are not limited to, loss of constitutional rights, state rights and federal rights, physical injuries, great physical pain, great emotional distress, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional and moving forces of all of the Defendants;

46. DISESSA's injuries were directly and proximately caused by the actions and omissions of all the DEFENDANTS individually and in concert;

47. DISESSA's injuries have required on-going medical treatment;

48. DISESSA's injuries have resulted in significant physical pain and suffering;

49. DISESSA's injuries have resulted in extreme emotional distress and mental suffering;

50. DISESSA's injuries have resulted in embarrassment and humiliation;

51. DISESSA is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

**CLAIMS FOR RELIEF**

### FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 USC §1983 - EXCESSIVE FORCE
### (Against Defendants LAROCHE, O'TOOLE, and DEVENEAU)

52. DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

53. 42 U.S.C. §1983 provides:

    Every person, who under color of law of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity or other appropriate proceeding for redress ....

54. DISESSA is a citizen of the United States and is a person for purposes of 42 U.S.C. §1983;

55. LAROCHE, O'TOOLE, and DEVENEAU are persons for purposes of 42 U.S.C. §1983;

56. LAROCHE, O'TOOLE, and DEVENEAU at all times relevant hereto, were acting under color of state law in their capacity as corrections officers at MCI Shirley and their acts and omissions were conducted within their official duties and employment;

57. At the time of the complained events, DISESSA had a clearly established right under federal law and under the US Constitution to be secure in his person from the unreasonable use of excessive force upon his person;

58. Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time;

59. The Defendants LAROCHE and O'TOOLE's actions and use of force described herein, were malicious and/or involved reckless, callous, and deliberate indifference to DISESSA's federally protected rights. The force used by LAROCHE and O'TOOLE shocks the conscience and violated the statutory rights of DISESSA protected by 42 USC §1983 ;

60. The force used by LAROCHE and O'TOOLE constituted deadly force in that it could have cause the death of DISESSA and did in fact cause serious bodily injury including but not limited to neck injury and kidney injury to DISESSA.

61. LAROCHE, O'TOOLE, and DEVENEAU failed to take reasonable steps to protect DISESSA from objectively unreasonable and consciously unreasonable and consciously shocking excessive force being utilized by each of the other Defendant officers present at the scene of the arrest. They are each liable for the injuries and damages resulting from the objectively unreasonable, excessive, brutal and consciously shocking force initiated by each of the other officers;

62. The acts and omissions of LAROCHE, O'TOOLE, and DEVENEAU were the direct and proximate cause of the injuries suffered and the damages incurred by DISESSA;

63. LAROCHE, O'TOOLE, and DEVENEAU acted in concert and joint action with each other in causing DISESSA's injuries;

64. The acts or omissions of LAROCHE, O'TOOLE, and DEVENEAU described herein intentionally deprived DISESSA of his constitutional rights and statutory rights and caused him injury and damages;

65. LAROCHE, O'TOOLE, and DEVENEAU are not entitled to qualified immunity for the complained of conduct;

66. LAROCHE, O'TOOLE, and DEVENEAU at all times relevant hereto were acting pursuant to state custom, policy, decision, ordinance, widespread habit, usage or practice in their actions pertaining to DISESSA;

67. As a proximate result of LAROCHE, O'TOOLE, and DEVENEAU's unlawful conduct, DISESSA has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF 42 USC §1983 - STRIP SEARCH / SUICIDE WATCH / SEGREGATION
**(Against Defendants LAROCHE, O'TOOLE, DEVENEAU, THOMAS, RYAN, HIGGINS-O'BRIEN and JOHN AND JANE DOES )**

68. DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

69. 42 U.S.C. §1983 provides:

    Every person, who under color of law of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity or other

appropriate proceeding for redress ....

70. DISESSA is a citizen of the United States and is a person for purposes of 42 U.S.C. §1983;

71. All Defendants are persons for purposes of 42 U.S.C. §1983;

72. All Defendants at all times relevant hereto, were acting under color of state law in their capacity as corrections officers at MCI Shirley and their acts and omissions were conducted within their official duties and employment;

73. At the time of the complained events, DISESSA had a clearly established right under federal law and under the US Constitution to be secure in his person from an invasion of his bodily integrity and unreasonable humiliation and embarrassment;

74. Any reasonable employee of the department of corrections knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time;

75. The Defendants actions of strip searching DISESSA, placing a naked DISESSA in a glass walled and exposed cell for four to five days, and placing DISESSA in a segregated unit for over one year violated the statutory rights of DISESSA protected by 42 USC §1983 ;

76. The acts and omissions of the Defendant's were the direct and proximate cause of the injuries suffered and the damages incurred by DISESSA;

77. The defendant's acted in concert and joint action with each other in causing DISESSA's injuries;

78. The acts or omissions of the Defendants described herein intentionally deprived DISESSA of his constitutional rights and statutory rights and caused him injury and damages;

79. The Defendants are not entitled to qualified immunity for the complained of conduct;

80. The Defendants at all times relevant hereto were acting pursuant to state custom, policy, decision, ordinance, widespread habit, usage or practice in their actions pertaining to DISESSA;

81. As a proximate result of the Defendants unlawful conduct, DISESSA has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE US CONSTITUTION
(Against Defendants LAROCHE, O'TOOLE, and DEVENEAU)

82. DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

83. The Fourth Amendment to the United States Constitution made applicable to the States through the Fourteenth Amendment of the United States Constitution, provides:

    The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

84. DISESSA is a citizen of the United States and is a person for purposes of this lawsuit;

85. LAROCHE, O'TOOLE, and DEVENEAU are persons for purposes of this lawsuit;

86. LAROCHE, O'TOOLE, and DEVENEAU at all times relevant hereto, were acting under color of state law in their capacity as corrections officers at MCI Shirley and their acts and omissions were conducted within their official duties and employment;

87. At the time of the complained events, DISESSA had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in his person from the unreasonable search and seizure of his person;

88. Any reasonable officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time;

89. The Defendants LAROCHE, O'TOOLE and DEVENEAU's actions and use of a strip search technique in order to determine if DISESSA had hidden medication in his mouth cheeks was a violation of DISESSA's federally protected rights under the Fourth and Fourteenth Amendment of the United States Constitution;

90. The Defendants LAROCHE, O'TOOLE and DEVENEAU's actions and use of physical force including: choking, strangling, twisting DISESSA's testicles and elbowing DISESSA's kidneys in order to determine if DISESSA had hidden medication in his mouth cheeks was a violation of DISESSA's federally protected rights under the Fourth and Fourteenth Amendment of the United States Constitution;

91. LAROCHE, O'TOOLE, and DEVENEAU acted in concert and joint action in order to deny DISESSA's rights under the Fourth and Fourteenth Amendment to the United States Constitution;

92. The acts or omissions of LAROCHE, O'TOOLE, and DEVENEAU described herein intentionally deprived DISESSA of his constitutional rights and statutory rights and caused him injury and damages;

93. LAROCHE, O'TOOLE, and DEVENEAU are not entitled to qualified immunity for the complained of conduct;

94. LAROCHE, O'TOOLE, and DEVENEAU at all times relevant hereto were acting pursuant to state custom, policy, decision, ordinance, widespread habit, usage or practice in their actions pertaining to DISESSA;

95. As a proximate result of LAROCHE, O'TOOLE, and DEVENEAU's unlawful conduct, DISESSA has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE US CONSTITUTION
### (Against Defendants LAROCHE, O'TOOLE, DEVENEAU, THOMAS, RYAN, HIGGINS-O'BRIEN and JOHN AND JANE DOES )

96. DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

97. The Eighth Amendment to the United States Constitution made applicable to the States through the Fourteenth Amendment of the United States Constitution, provides:

    Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

98. DISESSA is a citizen of the United States and is a person for purposes of this lawsuit;

99. The Defendant are persons for purposes of this lawsuit;

100. The Defendants at all times relevant hereto, were acting under color of state law in their capacity as employees for the Department of Corrections and their acts and omissions were conducted within their official duties and employment;

101. At the time of the complained events, DISESSA had a clearly established constitutional right under the Eighth and Fourteenth Amendments to be secure in his person from the use of cruel and unusual punishment;

102. Any reasonable employee of the Department of Corrections knew or should have

known of these rights at the time of the complained of conduct as they were clearly established at the time;

103. The Defendants actions and use of a strip search technique, use of choking, strangling, twisting testicles, elbowing kidneys, placing DISESSA naked in a glass walled cell and placing DISESSA in segregation for more than one year was a violation of DISESSA's federally protected rights under the Eighth and Fourteenth Amendment of the United States Constitution;

104. The Defendant acted in concert and joint action in order to deny DISESSA's rights under the Eighth and Fourteenth Amendment to the United States Constitution;

105. The acts or omissions of the Defendant described herein intentionally deprived DISESSA of his constitutional rights and statutory rights and caused him injury and damages;

106. The Defendant are not entitled to qualified immunity for the complained of conduct;

107. The Defendants at all times relevant hereto were acting pursuant to state custom, policy, decision, ordinance, widespread habit, usage or practice in their actions pertaining to DISESSA;

108. As a proximate result of the Defendants' unlawful conduct, DISESSA has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF STATE CIVIL RIGHTS STATUTE
### THROUGH USE OF THREATS, COERCION and INTIMIDATION
### (M.G.L. c. 12, §§ 11H and 11I)
### (Against Defendants LAROCHE, O'TOOLE, and DEVENEAU)

109. DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

110. The Defendants, LAROCHE, O'TOOLE and DEVENEAU interfered with the DISESSAS, exercise and enjoyment of his rights secured by the Constitution or laws of either the United States or of the Commonwealth of Massachusetts by the defendants use of threats, intimidation and/or coercion against DISESSA;

111. The Defendants, LAROCHE, O'TOOLE and DEVENEAU  use of threats,

intimidation and coercion interfered with DISESSA's rights to (a) be free from unreasonable use of force; (b) to be free from unreasonable deprivation of his liberty; and (c) to be free from illegal searches of his person and his property;

112. The Defendants, LAROCHE, O'TOOLE and DEVENEAU at all times relevant hereto, were acting under color of state law in their capacity as Correctional Officers and their acts and omissions were conducted within their official duties and employment;

113. At the time of the complained events, DISESSA had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in his person from the unreasonable use of excessive force and unnecessary bodily injury;

114. DISESSA also had the clearly established right under the Fourth and Fourteenth Amendments, the Massachusetts State Constitution, federal laws, state laws and common laws to bodily integrity and to be free from excessive force by correctional officers;

115. Any reasonable correctional officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time;

116. The Defendants, LAROCHE, O'TOOLE and DEVENEAU's actions and use of force described herein amounted to threats, coercion and intimidation. The defendants' actions were malicious and/or involved reckless, callous, and deliberate indifference to DISESSA's federally protected rights. The force used by the Defendants, LAROCHE, O'TOOLE and DEVENEAU shocks the conscience and violated the state and federal constitutional rights of DISESSA;

117. The force used by the Defendants, LAROCHE, O'TOOLE and DEVENEAU constituted deadly force in that it could have cause the death of DISESSA and did in fact cause serious bodily injury to DISESSA;

118. The acts and omissions of the Defendants, LAROCHE, O'TOOLE and DEVENEAU were the direct and proximate cause of the injuries suffered and the damages incurred by DISESSA;

119. The Defendants, LAROCHE, O'TOOLE and DEVENEAU acted in concert and joint action with each other;

120. The acts or omissions of the defendants, LAROCHE, O'TOOLE and DEVENEAU described herein intentionally deprived DISESSA of his state and federal constitutional rights and his state and federal statutory rights and caused him injury and damages;

121. The Defendants, LAROCHE, O'TOOLE and DEVENEAU are not entitled to

qualified immunity for the complained of conduct;

122. The Defendants, LAROCHE, O'TOOLE and DEVENEAU at all times relevant hereto were acting pursuant to municipal / county custom, policy, decision, ordinance, widespread habit, usage or practice in their actions pertaining to DISESSA;

123. As a proximate result of the defendants, LAROCHE, O'TOOLE and DEVENEAU's unlawful conduct in violation of the Massachusetts State Civil Rights Act, DISESSA has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, lost wages, lost future income, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF 42 USC §1983
### DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING and SUPERVISION IN VIOLATION OF THE FOURTH, FOURTEENTH and FIRST AMENDMENT
### (Against Defendant MASSACHUSETTS CORRECTIONAL INSTITUTION AT SHIRLEY, SUPERINTENDENT KELLY RYAN, COMMISSIONER CAROL HIGGINS O'BRIEN)

124. DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

125. 42 U.S.C. §1983 provides:

Every person, who under color of law of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity or other appropriate proceeding for redress ....

126. DISESSA is a citizen of the United States;

127. The Defendant, the Massachusetts Correctional Institution at Shirley is a person for purposes of 42 U.S.C. §1983;

128. The Defendants, Kelly Ryan and Carol Higgins O'Brien, are persons subject to jurisdiction for purposes of this lawsuit

129. DISESSA had the following clearly established rights at the time of the

   complained of conduct:

   a. the right to be secure in his person from excessive force by law under the Fourth Amendment and 42 U.S.C. §1983;

   b. the right to bodily integrity and to be free from excessive force by law enforcement officers under the Fourteenth Amendment and 42 U.S.C. §1983;

   c. the right to bodily integrality and be free from humiliation, embarrassment and ridicule;

130. The Defendants, the Commonwealth of Massachusetts Department of Corrections, RYAN and HIGGINS-O'BRIEN knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time;

131. The acts and omissions of the Defendants, the Commonwealth of Massachusetts Department of Corrections, RYAN and HIGGINS-O'BRIEN as described herein intentionally deprived DISESSA of his constitutional and statutory rights and caused him damages;

132. The defendants, the Commonwealth of Massachusetts Department of Corrections, RYAN and HIGGINS-O'BRIEN are not entitled to qualified immunity for the complained of conduct;

133. The defendants, the Commonwealth of Massachusetts Department of Corrections, RYAN and HIGGINS-O'BRIEN developed and maintained policies and procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of DISESSA's constitutional and federal rights as set forth herein and other claims, resulted from conscious or deliberate choice to follow a course of action from various available alternatives;

134. The defendants, the Commonwealth of Massachusetts Department of Corrections, RYAN and HIGGINS-O'BRIEN have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcements related policies, procedures, customs, practices and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of DISESSA and the prison population in general;

135. In light of the duties and responsibilities of those Department of Corrections' employees, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to

those rights;

136. The deliberate indifferent training and supervision provided by the defendants, the Commonwealth of Massachusetts Department of Corrections, RYAN and HIGGINS-O'BRIEN resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to these defendants and were moving forces in the constitutional and federal violation injuries complained of by DISESSA;

137. As a direct and proximate result of the defendants, the Commonwealth of Massachusetts Department of Corrections, RYAN and HIGGINS-O'BRIEN unlawful conduct, DISESSA suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of these defendants' unlawful conduct DISESSA has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be determined at trial;

138. DISESSA may suffer future medical expenses, lost future earnings and impaired earning capacity from the not yet fully ascertained damages to his spinal column. The value of these damages shall be ascertained in trial. DISESSA is further entitled to attorney fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs allowable by federal law. There may also be special damages for lien interest;

139. DISESSA seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. §1983 to redress the defendants, the Commonwealth of Massachusetts Department of Corrections, RYAN and HIGGINS-O'BRIEN above described ongoing deliberate indifference in policies, practices, habits customs, usages, training and supervision with respect to the rights described herein, which these defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

## SEVENTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY
### (Against Defendants LAROCHE and O'TOOLE)

140.  DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

141. The defendants, LAROCHE and O'TOOLE intentionally touched the person of DISESSA without justification or excuse;

142. To the extent the that defendants, LAROCHE and O'TOOLE had a justification to touch DISESSA's person so as to effect a strip search, the manner of touching was unreasonably brutal and exceeded the force that was necessary;

143. DISESSA did not consent to these defendants' touching of his person;

144. DISESSA suffered physical and emotional pain and suffering as a proximate result of the defendants' touching of his person;

### EIGHTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT
(Against All Defendants individually and jointly)

145. DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

146. All defendants acted individually and in concert to falsely imprison DISESSA naked in glass walled cell for a period of four to five days;

147. All defendants acted in concert to falsely imprison DISESSA in segration for a period of more than one year;

148. Despite DISESSA's incarceration, the Defendant's joint and individual actions resulted in the unlawful restraint upon DISASSA's freedom of movement by the imposition of actual physical force, administrative force and threats of force;

149. Despite DISESSA's incarceration, the Defendant's joint and individual actions resulted in DISASSA's suffering damages including physical pain and suffering and emotional pain and suffering, embarrassment, ridicule, and emotional distress;

### NINTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION
(Against All Defendants individually and jointly)

150. DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

151. All defendants acted in concert to maliciously prosecute DISESSA in the Ayer District Court;

152. By their reports, comments, input, testimony and cooperation with the district attorney's office, the defendants did individually and jointly commence a criminal prosecution against DISESSA;

153. By their reports, comments, input, testimony and cooperation with the district

> attorney's office, the defendants did institute and/or instigate a criminal prosecution against DISESSA;

154. The actions of the defendant's individually and jointly were taken maliciously;

155. DISESSA was found not guilty after a jury trial;

156. The Defendant's joint and individual actions resulted in DISASSA's suffering damages including physical pain and suffering and emotional pain and suffering, embarrassment, ridicule, and emotional distress;

**TENTH CLAIM FOR RELIEF**
**CIVIL CONSPIRACY**
**(Against All Defendants individually and jointly)**

157. DISESSA hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

158. The defendants LAROCHE, O'TOOLE, and DEVENEAU acted in concert to accomplish the unlawful purpose of falsely incarcerating and prosecuting DISESSA in an effort to cover-up their own illegal assault and battery and ther violation of DISESSA's civil rights;

159. By their reports, comments, input, testimony and cooperation with the other defendants and other John and Jane Does employees within the Department of Corrections the defendants utilized their administrative power over DISESSA to cause DISESSA damage and harm;

160. The Defendant's joint and individual actions resulted in DISASSA's suffering damages including physical pain and suffering and emotional pain and suffering, embarrassment, ridicule, and emotional distress;

## **PRAYER FOR RELIEF**

The Plaintiffs requests judgment against the Defendants:

A. In an amount to be determined by the jury for compensatory damages, including but not limited to:

   i. Financial losses;
   ii. Immediate Discomfort and pain and suffering;
   iii. Long term physical pain and suffering;
   iv. Immediate Emotional pain and suffering and emotional distress;
   v. Long term Emotional pain and suffering;
   vi. Humiliation and Embarrassment;
   vii. Inconvenience, annoyance and alarm;

    viii.    Medical Expenses;
    ix.    Lost Earning Potential;

B. In an amount to be determined by the jury for punitive damages;

C. Awarding the plaintiffs the costs associated with this action;

D. Awarding the plaintiffs their reasonable attorney fees;

E. Granting the plaintiff such other and further relief as the court deems just and proper;

F. **THE PLAINTIFF DEMANDS A <u>JURY TRIAL</u> ON ALL COUNTS.**

                            Respectfully submitted,
                            ALFRED DISESSA, the plaintiff
                            by the plaintiffs' attorneys

June 2, 2018                *Alfred P. Chamberland*_____
                            Alfred P. Chamberland
                            BBO # 564151
                            LAW OFFICE OF ALFRED P. CHAMBERLAND
                            5 Arthur Street, PO Box 217
                            Easthampton, MA 01027
                            Telephone (413) 529 0404
                            Fax: (413) 529-0347
                            Cell Phone:
                            E-mail: attorney.chamberland@aol.com


                            Rachel L. Weber_____
                            Rachel Weber
                            BBO#674057
                            LAW OFFICE OF ALFRED P. CHAMBERLAND
                            5 Arthur Street, PO Box 350
                            Easthampton, MA 01027
                            Telephone (413) 507-3063
                            Fax: (413) 507-3064
                            E-mail: rweber@rweberlaw.com